NO. 07-02-0318-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 6, 2002

_____

IN RE: ARMANDO GUTIERREZ
_____

ORIGINAL PROCEEDING
_____

Before QUINN and REAVIS and JOHNSON, JJ.

Relator Armando Gutierrez petitions for writ of mandamus ordering respondent, the Honorable Abe Lopez, Judge of the 108th District Court of Potter County, to consider and rule on a pending request for an order nunc pro tunc. We deny the petition for writ.

On July 17, 2002, relator filed with the clerk of this court a pleading entitled Petition for Writ of Mandamus. In his petition, relator alleges that on April 2, 2002, he filed a Request for Order Nunc Pro Tunc To Correct Judgment together with a proposed order granting or denying his Request. We are requested to order respondent to set, hear and rule on the motion. Attached to his petition for mandamus are copies of what relator says are his Request for Order Nunc Pro Tunc and a letter to the District Clerk of Potter County dated June 15, 2002, in which he claims that he previously filed his Request for Order Nunc Pro Tunc and a request for setting. The copy of the June 15th letter requests the

District Clerk to present relator's request for setting to the court. The documents are neither verified nor certified as copies of documents filed with the District Clerk. The documents do not bear file-marks or any other indication that they have been received and filed by the clerk. There is no document or proof that respondent has ever been made aware of the Request, even if the Request has been filed by the clerk.

When petitioning for writ of mandamus, it is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition a certified sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a).

Relator's petition for writ of mandamus contains only allegations. Certified, sworn copies of motions and correspondence referenced in the petition are not included with the application. Relator has not presented a record which shows his entitlement to the relief sought, or upon which we are authorized to act.

The petition for writ of mandamus is denied.

Phil Johnson
Justice

2

Do not publish.